The next case this morning is number 5-20-0104, People v. Graves. Arguing for the appellant, Joshua Graves, is Donna Polinsky. Arguing for the appellate, People of the State of Illinois, is Pat Daly. Each side will have up to 10 minutes for their argument. The appellant will have five minutes for rebuttal. Please note only the clerk of the court is permitted to record these questions. If you are both ready, Ms. Polinsky, whenever you'd like to start. Donna Polinsky Thank you, Your Honor. Your Honor, counsel, may it please the court. In this case, Mr. Graves was charged with aggravated criminal sexual abuse. To sustain the charge, the state must prove three things. One, the victim was under the age of 13. Secondly, the perpetrator was over the age of 17. And finally, that the sexual conduct with the victim. The jury, after jury trial, the jury found the defendant guilty of one of the two counts of aggravated criminal sexual abuse. The relevant statute in this case is 725 ILCS 5-115-10. This allows certain hearsay testimony to be admitted in a victim's out-of-court statement, non-recorded or without the ability for cross-examination when certain criteria are met. And that is that either the child is subject to cross-examination or if the child is unavailable, that there is adequate cooperative evidence of the subject nature of the accusations. In this particular case, there were several points of error. First of all, the trial court erred in permitting the admission of the hearsay testimony evidence related to the statements made by KF in this case. 115-10 specifically provides that all out-of-court statements, for those statements to be admissible, she has to be subject to cross-examination. In our brief, I cited People v. Learn. And as an aside note, the state indicated in their brief that Learn has been heavily criticized and not followed. However, in all of the cases cited, there was one criticism in a concurring opinion, and that was in People v. Kennebrew. The other case, I believe it was Dabney, People v. Dabney, the court indicated that they were not inclined to follow it and they did not agree with the ruling. All of the cases that have been cited in opposition to very different factual basis than both Learn as well as this case. In this particular case, when KF was put on the stand by the state, she testified to very background information, nothing accusatory against the defendant. The only thing she testified to relating to this case was that she told the truth at the CAC interview. In all of the other cases cited, the alleged victim gave either some accusatory testimony, testified as to the abuse in one instance but not another, or some of the cases dealt with identification testimony, memory loss issues. All of those cases are distinguishable from this particular case as well as People v. Learn. In Learn, the court determined that a witness's presence in answering general questions satisfies the burden of 115-10. This is exactly the case here. If the state's argument is to be followed, what that basically means and what they have basically said is that because the state failed to question the victim on the allegations that are the subject of the charges, it would be the defense's job to not only question the victim in their case and bring up the issues that were not brought up in direct examination, and then discredit the victim and try to cross-examination her on the very testimony they just elicited. As the court in People v. Learn indicated, that's a Trojan horse. Any criminal defense attorney, they're not going to bring up evidence against their client in cross-examination that was not brought up in direct examination. That opens the door for the state then on redirect to get out more information than they did in their case in chief. Basically, as the court in this case determined, the child didn't testify. It was basically unavailable pursuant to 115-10 since she did not make any accusations against the defendant while testifying. Because of that, the statements made by both parents and the CAC interview were improperly admitted, hearsay evidence admitted against the defendant. For that argument, that reason, this case should be reversed. Secondly, the trial court erred in denying Mr. Graves' motion for a directed verdict after the state rested the first time. As I'm sure you're aware, the state actually rested twice. When asking for a directed verdict, the defendant or whoever asserts that the evidence is insufficient to support a finding of guilt. That is exactly the case here. At the close of the state's evidence when the state rested, one of the issues or one of the propositions under jury instruction, IPI criminal number 11.62A, the defendant committed an act of sexual conduct has to be proven. That was not proven in this case. There was no testimony to that. Pursuant to 115-10, the child did not testify to any accusations against her. Because of that, the directed state failed to elicit any accusatory testimony against the victim. Then after the court, there was a discussion between the two attorneys in the court. The state argued that the CAC, first, the state argued the CAC interview was testimony. Then further down in their arguments on the case, both for the argument of directed verdict and to reopen the case, the state conceded that it wasn't evidence, but that it was there to allow the victim to not have to testify to which the court stated it is not. I asked for case law to show me that the victim doesn't have to testify and none had been provided. The state argued basically that the hearsay statements were cooperating evidence. But as the court indicated and aptly put, you have two hearsay statements cooperating one another. That's the parent's testimony. When the defense counsel first started arguing for the motion for directed verdict, throughout those arguments, the court asked the state whether it was standing on its evidence. At one point, and I'll quote the transcript, the court stated, so it's your position to stand on the evidence as submitted and move forward and defend the motion for directed verdict at this time. To which the state responded, it is your honor. Even after being given a prompt by the court, you sure you want to do this? You sure you want to stand on the evidence presented? The state said yes. Then the court reconvened the following morning and asked for case law regarding the fact that the child did not have to testify or be to cross examination. They then started their arguments again regarding the issue of directed verdict and reopening the case. The state at that point indicated that he indicated that the CAC, he knew the CAC is not evidence here, your honor. I mean, this is the purpose of the statute is to allow the defendant who's under 14 of age to be able to introduce and then he was cut off and the trial court indicated it's not. No one ever decided that this statute was to allow an accuser to avoid making a statement of the crime under oath in court and thereby be available for cross examination. Directed verdict in this case, the facts are there for a directed verdict. The court should have at that point granted a directed verdict against the state and on behalf of the defendant. The state then, or I'm sorry, the state argued a little further as did defense counsel. And at that point, the defense argued and I will direct the court's attention in a motion to reopen. There are four factors that the court must consider in whether or not to allow the state to reopen their case. The first is the existence of an excuse for failure to introduce the evidence, whether the failure to introduce was inadvertent or whether it was a strategical move by that party. The second is any surprise or unfair prejudice to the adverse party. The third is the importance of the new evidence to the Movens case. And fourth, whether there were cogent reasons that justified denying the motion to reopen. In this case, after submitting the brief and reviewing the case for oral arguments, all four clearly support the defendant's position to argue against and for the court to deny the reopening. The excuse or failure to introduce the evidence was not inadvertent in this case. One case that I read dealing with an issue of motions to reopen a case was a carjacking or stealing a car and they didn't get the make or the model number into testimony. So the court allowed that because that was inadvertent. Everything else, as far as the elements of the case, had been testified to and introduced into evidence. In this particular case, it wasn't inadvertent. It was a strategy. And in fact, during the arguments, the court stated, quote, you wish to call her in a change of that strategy, unquote, to which the state again responded, that is true. So clearly, the failure to question was strategic. And when the state realized that strategy was not going to work, backpedaled and asked to reopen the or alleged misunderstanding of, of that of the CAC statement coming into by, by, by reference from the witness, right? I mean, had the court against the state that you may be wrong about this and gave them an opportunity to put on additional evidence? Is that correct? Well, yes and no, Your Honor. It is correct that the state later indicated, well, if you're going to grant, he didn't say this exactly, but the gist is, if you're going to grant the motion for directed verdict, I want to reopen my case. Earlier and throughout the arguments, this court kept asking if it was his position to stand on the evidence that was presented. Whether it was the state's misconstruction of a statute or not understanding the statute, is, is not a reason to reopen a case and give the state a second bite at that apple. The case should have been presented pursuant to both the statute and the IPA, IPI criminal number 11.2, which indicate that there has to be a testimony or there has to be the allegations of, of the sexual abuse. Did that answer your question? Yes. Thank you. Okay. So with respect to the second factor, I would argue that the surprise to the defense, whether it was a surprise or no surprise, as a criminal defense attorney, I wouldn't think it would, it wouldn't be a surprise to me for the state to ask to reopen a case when a judge says, I might grant this motion. So you sure you want to stand on that evidence? But I don't believe that the prejudice, the surprise would outweigh the prejudice just because there's no surprise to the defense. The defense has no obligation to tell the state, Hey, you didn't meet your burden there. You probably should, you know, do something else before you rest. So the fact that there might not have been a surprise, it probably was a surprise to the defense that the state did not question the child on any of the allegations against the defendant. But certainly it was prejudicial. If a court, if you've got the decision to for the court to either grant a directed verdict or reopen a case and possibly have, have enough evidence for a jury to convict, that's certainly prejudicial against the defendant. And it wasn't anything that the defendant failed to do that, that made that failure to question, um, uh, not happen or, or not to, uh, make the state to, to fail to do that. Um, in this case, also the evidence is not new. The trial court stated at one point, uh, quote, I find that the state has very little basis to support it. It is not new evidence. It was a calculated strategy to proceed as they did. Uh, so again, although this evidence is essential for the state to meet their, uh, to sustain the charge of aggravated criminal sexual abuse, uh, it's not new evidence. The, the, the state did not find out about this evidence after he, they, they rested their case. They knew about it all the time. Uh, and finally the cogent reason for denying the motion is the prejudice to defendant as, uh, absent this accusatory testimony, the state failed to meet its burden and prove its case. Uh, so for the four factors cited by both, uh, the case that I cited, as well as the case, the state cited all four go in favor of the defendant. Uh, well, first the defendant's motion, uh, for directed verdict should have been denied absent and the motion to reopen the case should have been, uh, should have been denied as well or been denied. The state argued in their brief, a little bit different order. Ms. Bielanski, I believe you're out of time. Oh, I'm sorry. But you will have some additional time in reply. Thank you. Thank you. You're ready to go. Yes, your honor. Good morning, your honors. May it please the court and counsel. Uh, for the record, my name is Patrick Daly. I'm here on behalf of the people of the state of Illinois. I want to go ahead and start with the uh, court's, um, granting of the state's request to reopen proofs in this case. Um, although it's a little out of order with the arguments that the state has raised in the sense that we've devoted our initial attention to the learned decision. Um, I don't know if this court necessarily has to reach our principal argument about whether learners correctly decided or not. Um, if it can determine that the court did not abuse its discretion in permitting the reopening of the state's case. Um, I do note at the outset that there was no post trial motion filed in this case. Uh, so these, this claim of error as it is, um, has been forfeited. Uh, and although defendant has argued plain error and other parts of the brief, uh, there's no plain error analysis attached to this particular argument. So that two argument has been forfeited for purposes of appeal. Nonetheless, this court has the discretion and the power to reach even forfeited issues. Um, so I do want to discuss the substantive merits of the argument, um, in making a decision whether to permit the reopening of proofs. Uh, the court is vested with substantial discretion and therefore this court's review is for whether that discretion was abused. This is a highly deferential standard of review. And so therefore it is, it is one that the, the hat, this court has to basically plainly fine was unreasonable or that no reasonable, you know, uh, court would, would undertake that particular decision that it did. Um, in this instance, uh, I have to respectfully disagree with counsel that the four factors, and it is correctly stated for this court that these are the four factors that courts have traditionally, um, relied upon in determining, uh, whether the state is allowed to, uh, properly allowed or a party is properly allowed to reopen proofs. Um, the four, uh, factors are whether there was inadvertence, uh, surprise or unfair prejudice importance of the new evidence and cogent regions, uh, exist to deny the request. Um, I'm going to, I'm going to do the second, third and fourth first, because I think that those are, are indisputably in the state's favor. Uh, number one, there was no surprise or unfair prejudice. In fact, counsel for defendant below agreed that there was no unfair prejudice here, uh, in the sense that this is not evidence that the defendant was unaware of, uh, or was unprepared to meet. Uh, counsel was very explicit in that regard. So that factor does favor the court's decision to allow the permit, uh, the reopening of the state's proofs. Um, the importance of the new evidence, um, well, you know, at least in the context of the court's belief, uh, and application of the learned decision that the state was required, uh, as part of its foundational, uh, element to provide specific accusatory testimony from the victim, uh, in order to allow that section one 15 dash, uh, 10 evidence to be admitted. Uh, definitely the new evidence was important. Um, there's a lot of argument made that, well, the state was sort of sticking to its guns here. It didn't believe it needed it. Uh, I think that the state's argument in that regard below was absolutely right because learn was not correctly decided and the state had met its foundational requirements, uh, uh, under one 15 dash 10. And it's certainly the state should not be penalized for sticking to its position below. Uh, but nonetheless, uh, the state recognized appropriately that the court was going to likely grant a motion for directive verdict is not as much more than a simple threat at that point. And so therefore it perceived in the court could perceive and it's exercise of discretion that this was important new evidence. Um, so that's factor ways in the state's favor as well. Uh, number four for cogent reasons exist to deny the request. Uh, that's sort of a time with everything else. There is no cogent reason to do so. Um, the reduction of defendants arguments, defendants councils arguments below was that, well, the state had all the opportunity in the world to put on this evidence that it just didn't do so. And therefore, you know, that's, that's not a good reason that it chose to, uh, you know, put on the evidence in the manner that it did. And now that the court is telling it that it did it improperly or insufficiently, uh, that they should, you know, we're ready to go. Uh, as this court has noted, uh, in the benefit decision, uh, that trials are not games to to be, to be won or lost. Uh, it's a, it's a search for, uh, the, the, the truth and accuracy of, of what happened, uh, leading up to the particular trial in this case. Uh, and so therefore, uh, to simply argue or state that, well, the state has crack at it and didn't do so as a cogent reason, uh, doesn't leave a lot of wiggle room for courts to ever exercise their discretion to allow the reopening because every reopening is triggered by something that the in the first instance. Um, so those three factors, I think, uh, no doubt way in, in heavily in the state's favor, which then leads me back to the fourth, uh, uh, factor, which is inadvertence. Um, this is really the principle factor. I think that defendant, um, is asserting to this court and the defendant is not wrong in the, in the, uh, uh, representation of the record that the state had said, well, we had put on our evidence this way because I'm relieved that that's all that we had to do. And this was part of our strategy if they want to call it that. Um, so this is not a matter of inadvertence. However, I think in that context, this court should also consider that the state's position, uh, was one that it had satisfied this, the, uh, the structural and factual prerequisites for section one 15 dash tens admission. Uh, and in that regard, then our transition here to a discussion of the learn decision, um, our position is that learn was not correctly decided. Um, other courts have come to a similar conclusion. This court has not yet reached this particular issue. Um, and as far as I'm aware of, this is one of the first times that we'll be able to do so. Um, before kind of launching into my criticism of learn, I think it's important to know that even if this court determines, uh, that yes, your honor, let me, let me ask you, are there any cases that you're aware of that follow learned? I have not found any outside of that district in the immediate wake of that, but there's been heavy criticism of it from other district courts, courts of the districts. I wasn't able to find it. So I was just curious. It's yeah. In fact, you'll, you'll know as just sort of parenthetically, if you shepherd eyes it, uh, there's a whole string of, of flag cases disagreeing with learn. So, um, learn is, is I call it an outlier, which is maybe a little, maybe a little strong. Um, but I do think that this court can find that it does not accurately represent, I believe, uh, the understanding of the confrontation clause and one 15 dash 10s foundational requirements. Now, uh, again, that even if this court ultimately disagrees with this proposition, um, it will, it should find that it was a reasonable position given the divergence of authority. It's not like this is a Supreme court case where it's been set out indisputably. This is what the state has to do. And it just chose not to do so. And it's screwed up. Um, but I think that this court can take the opportunity here if it chooses to do so to find learn, learn incorrectly decided, which in effect really moots the argument or, or, or, or consideration of whether the court abuses discretion and allowing the state to reopen proofs because it was never necessary for it to do so in the first instance. Um, the learn decision I think can be based upon really the, the under one 15 dash 10, where the foundation requirement is that, uh, the child must testify at the proceeding, uh, is interpreted as that the child must testify and that it must, the child must make a accusatory testimony. Um, this, uh, is a, you know, uh, a codification that enables the sixth amendments confrontation clause to be satisfied. So case law and analyses, which are particularly apt in this situation. And I don't think it's just a matter of, well, other courts have disagreed with it, did so because they had relied upon or presented with a different set of facts. It's just a fundamental misunderstanding and misapprehension of what the sixth amendment compels. And the sixth amendment compels that a witness is available and subject for cross-examination. When the witness takes a stand, it willingly answers question and opposing party has the opportunity to cross examine the witness. Now I'm going to stop here because when this court looks at the record, you will note your honors that the defendant attorney never posed a single question to this particular witness at all. Okay. And courts have been pretty, pretty clear that if counsel never asks any questions of an attorney, excuse me, counsel never asked questions of a witness. They cannot now later argue that that witness is unavailable when no question was ever actually put to the witness in the first place. In this case, she confirmed that the statement she gave in a CCAC interview were accurate. She was not asked specific accusatory testimony, but she was obviously ready, willing, and able to answer any questions that counsel was going to put to her, but none were put to her. Okay. So the courts that have disagreed with LEARN and courts that have looked and examined the sixth amendment of understand that the sixth amendment's only compulsory requirement is that the witness be and be subject to cross-examination. The excusatory prerequisite, which basically turns the sixth amendment on its head by basically telling the state, you have to force the confrontation rather than present your witness to be subject to cross-examination about those out-of-court statements. If I could go over here for a moment, your honor. Thank you. It just does not have any place or any substance in sixth amendment jurisprudence. And that is when you look at these cases and the analyses of the decisions that this court, excuse me, that the state cites have been abundantly clear and blunt that LEARN is wrong, simply wrong on its sixth amendment approach. Okay. And rather than belabor the point, because I think that I explained it hopefully adequately in the briefs, we would ask that this court also so find that that LEARN was incorrectly decided. But again, this court does not need to reach that in this case necessarily, if it can just simply find that the court did not abuse discretion in reopening the proofs, regardless of whether the LEARN was correctly decided or not. And if that is the case, then defendants arguments one and two will necessarily fail because even defendant does not challenge the fact that that additional testimony would satisfy what, what is believed LEARN requires. And similarly that the 115-10 evidence was properly admitted. Thank you, Your Honor. Mr. Daly. Ms. Polensky. Thank you, Your Honor. You have five minutes. With respect to the first comment that there was no post-trial motion filed, July 19th, 2019, counsel for defendant filed a post-trial motion stating the court erred by permitting the admission of hearsay evidence related to statements made by the alleged victim pursuant to 115-10, denying the defendant's motion for directed verdict after the state rested the first time, granting the motion to reopen proofs. And then again, for denying the motion for directed verdict at the state rested the second time. So I would dispute that there was no post-trial motion filed. With respect to LEARN, I'm going to jump to that first. Counsel argues that the defense never asked a single question of the victim. There were, what they're arguing again is that the, and I keep using the Trojan horse because that's exactly what it is. The state is arguing that if the state doesn't bring up any accusations against the defendant for the defense to cross-examine, then the defense has to do that. The defense has to bring up the issues. Now, what did he do to you? All of those kinds of things that should have been brought up in the direct, that is the state's burden to prove the proposition that the defendant committed an act of sexual conduct. It is not the defense obligation to prove that or to establish that. And then again, refute it and try to cross-examine on that. The sixth amendment states that the witness must take the stand and willingly answer questions. Willingly answer questions. According to case law, the cross-examination of the witness based on the testimony elicited in direct, for instance, what the allegations are, to try to refute whether the memory of the witness is good, whether the child is saying something different in testimony than she did in her CAC interview or to a parent of some sort. So that's totally different than what we have here. What we have here is no accusatory testimony except for what was at the CAC interview, which the state wanted to use as testimony. As far as his analysis of the case law and motions to reopen, I respectfully disagree. Obviously, I've gone through what I believe, why they favor the defense in each one of those. And I would stand on the argument made in the brief as well as in the previous argument. All four factors favor the defense that the motion to reopen would be denied. I don't believe that in granting that, or if this court were to agree that the trial court allowing the state to reopen the case, that that means no case can be reopened. Again, inadvertent issues, things that a witness comes forward at the last minute or after the testimony or something like that. But this wasn't new evidence. This wasn't advertent. This was very prejudicial to the defense. And again, because the argument that it wasn't a reason, I think is not true. I think that's the very real reason that the state should have been his motion to reopen the proof should have been denied. Again, unless there's any other questions, I have nothing further. Okay. Well, thank you both very much for your arguments today. The court will take these matters into consideration and issue its ruling in due course. You guys have a good day. Be safe. Thank you. Thank you, Your Honor. Thank you.